■ Mark Moskal et al., Respondents-Appellants, v Fleet Bank, Appellant-Respondent, and UOB Realty (USA) Limited Partnership et al., Respondents. [703 NYS2d 126] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about April 28, 1999, which to the extent appealed and cross-appealed from as limited by the briefs, denied the cross motion of defendant Fleet Bank for summary judgment, and granted the motions of defendants UOB Realty (USA) Limited Partnership, Effective Security Systems, Inc., and Axiom Real Estate for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the summary judgment motion of UOB Realty and Axiom Real Estate and to reinstate the complaint as against them, and otherwise affirmed, without costs.

There are triable issues as to whether the duty to provide reasonable security measures, to the extent that it was borne by each of these defendants, was discharged in view of (1) the

circumstance that plaintiff was accosted and robbed in an area of the bank's premises proximate to its safe deposit facilities in which the need for adequate security was particularly acute; (2) conflicting testimony as to whether a building policy against permitting use of the lobby staircase to gain access to the basement was, in fact, officially implemented, and (3) other testimony indicating that because the elevators were not working at the time of the incident, the lobby door to the basement, which was normally kept locked, was unlocked and sometimes propped open.

Summary judgment was, however, properly granted to defendant Effective Security Systems, Inc., since, as a security contractor, it bore no duty to a third-party such as plaintiff with whom it had not contracted (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226-227; *Rudel v National Jewelry Exch. Co.*, 213 AD2d 301).

We have considered the parties' remaining contentions for affirmative relief and find them to be unpersuasive. Concur—Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ. [*See,* 180 Misc 2d 819.]